IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ANDREW LENARD HARDESTY, § | | |
| TDCJ No. 02221304, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| V. § | | W-23-CV-067-ADA |
| § | | |
| BOBBY LUMPKIN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## ORDER

Before the Court are Petitioner Andrew Lenard Hardesty's pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (ECF No. 1), Respondent Bobby Lumpkin's Response (ECF No. 21), and Petitioner's Motion for Equitable Tolling, Motion for Evidentiary Hearing, Motion to Re-Incorporate Previously Filed Exhibit Packet, Motion for Leave to Expand the Record, Motion for Discovery, and Motion for Summary Judgment (ECF Nos. 23, 25-28, 31). Having reviewed the record and pleadings submitted by both parties, the Court concludes Petitioner's habeas corpus petition must be dismissed as untimely. Petitioner's pending motions are also dismissed.

## I. Background & Analysis

In August 2018, a jury convicted Petitioner of capital murder and the trial court sentenced him to life imprisonment. *State v. Hardesty*, No. 75106 (27th Dist. Ct., Bell Cnty., Aug. 1, 2018). On August 29, 2019, the Third Court of Appeals affirmed Petitioner's conviction. *Hardesty v. State*, No. 03-18-00546, 2019 WL 4068564 (Tex.

1

App.—Austin, Aug. 29, 2019, pet ref'd.). On December 11, 2019, the Texas Court of Criminal Appeals (TCCA) refused Petitioner's Petition for Discretionary Review (PDR). *Hardesty v. State*, No. PD-0961-19 (Tex. Crim. App. Dec. 11, 2019). Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

Petitioner executed his state habeas corpus application on February 25, 2021. On November 16, 2022, the TCCA denied Petitioner's application without written order on the findings of the trial court without hearing and on the court's independent review of the record. *Ex parte Hardesty*, No. WR-93,134-01 (Tex. Crim. App. Nov. 16, 2022).

Respondent argues Petitioner's federal habeas corpus petition should be dismissed with prejudice because it was filed outside the statute of limitations and Petitioner is not entitled to statutory or equitable tolling. (ECF No. 21.) In response, Petitioner moves for 60 days of equitable tolling, arguing he had to file his state habeas application under the "extraordinary circumstances" of the COVID-19 pandemic, and that he was unable to access the law library from April 19, 2020, through June 24, 2020. (ECF Nos. 23, 29.)

1. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. 28 U.S.C. § 2244(d). The one-year period is calculated from the latest of either

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1)(A)-(D). Further, a properly filed state application for habeas corpus relief or other collateral review tolls the limitations period during its pendency. 28 U.S.C. § 2244(d)(2).

Petitioner's conviction became final on March 10, 2020, when the time for filing a petition for writ of certiorari expired. *See* Sup. Ct. R. 13.1 (petition for writ of certiorari is timely filed ninety days after entry of judgment); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012) (judgment becomes final when time for pursuing a writ petition in the Supreme Court expires). Under § 2244(d)(1)(A), Petitioner therefore had until March 10, 2021, to file his federal habeas corpus petition within the AEDPA limitations period. Petitioner did not execute his federal petition until January 14, 2023, 675 days after the limitations period expired.

However, Petitioner filed his state habeas application on February 25, 2021, which was within the AEDPA limitations period and therefore tolled the limitations period during its pendency. The TCCA denied Petitioner's application on November 16, 2022, resulting in 630 days of tolling, *see Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009) (for AEDPA tolling purposes, a state habeas application is pending from the day it is filed until and including the day it is resolved), and extending Petitioner's

3

federal petition deadline to November 30, 2022. As a result, even with tolling under § 2244(d)(2), Petitioner's federal petition is 45 days late.

### a. Equitable Tolling

In his Motion for Equitable Tolling, Petitioner argues he had to file his state habeas application during the COVID-19 pandemic, which was an extraordinary circumstance, where he was denied access to the law library and the forms for filing a state habeas application. Petitioner also argues he was unable to access funds during this period in order to retain counsel. He requests 60 days of tolling from April 19, 2020, through June 24, 2020. (ECF No. 23.)

A federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "'only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012). Equitable tolling therefore "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (citation omitted).

In his response to Respondent's answer, Petitioner again asserts his entitlement to equitable tolling, arguing he was denied access to a state writ application, unable to

filed the state application on Petitioner's behalf. The COVID-19 pandemic did not delay the investigation or filing of Petitioner's state application: Mr. Schaffer completed both of those actions in a timely manner. Accordingly, because there is no "extraordinary circumstance" that delayed Petitioner's filing of his state habeas application, he is not entitled to equitable tolling from April 19 through June 24, 2020.

### b. *Statutory Tolling Under Sections 2244(d)(1)(B), (D)*

Respondent next argues that Petitioner's allegations regarding false testimony from jailhouse informants do not entitle him to statutory tolling under the AEDPA. Under § 2244(d)(1)(B), the AEDPA limitations period does not begin to run until the date on which a State-created impediment, which violated the Constitution or federal law, and which prevented the petitioner from filing a timely petition, is removed. Although § 2244(d)(1)(B) does not define what constitutes an "impediment," its language clearly states that whatever constitutes an impediment must have actually prevented a petitioner from timely filing his habeas corpus petition. *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011). Thus, to demonstrate entitlement to a later commencement date under § 2244(d)(1)(B), a petitioner "must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).

Under § 2244(d)(1)(D), the commencement of the statute of limitations begins on the date when the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. This refers to "the date a petitioner is on notice of the facts which would support a claim, not the date on which

the petitioner has in his possession evidence to support his claim." *In re Young*, 789 F.3d 518, 528 (5th Cir. 2015) (citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)). Accordingly, "Section 2244(d)(1)(D) does not convey a statutory right to an extended delay, . . . while a habeas petitioner gathers every possible scrap of evidence that might, . . . support his claim." *Flanagan*, 154 F.3d at 199.

In his petition and response, Petitioner argues his conviction is unconstitutional because the State induced the false testimony of two jailhouse informants with significant plea offers in their pending criminal cases, and then failed to disclose these offers to Petitioner until after his conviction was final. Petitioner's allegations are based on the testimony of Jermie Romel and Russell Parrish, both of whom testified at Petitioner's August 2018 trial that Petitioner confessed to committing the murder, and who both had pending criminal charges against them during the trial.

In May 2015, Mr. Parrish was charged with possession with intent to deliver more than 4 grams of methamphetamine but less than 200 grams. He had a prior felony conviction and thus his sentencing range was for a first-degree felony. On June 13, 2019, Parrish pleaded guilty to possession of less than one gram of methamphetamine and was sentenced to one year in jail (time served). Mr. Romel was on probation when he was arrested for evading arrest, possession of methamphetamine, and tampering with evidence. In October 2018, Romel pleaded guilty misdemeanor attempted evading arrest and was sentenced to 120 days (time served) and reinstated on probation. (ECF Nos. 1-2, 1-3, 1-5.)

Again, the record does not support Petitioner's entitlement to statutory tolling. Under §§ 2244(d)(1)(B), (D), the commencement date for the AEDPA statute of limitations begins on either (1) when a state-created impediment is removed or (2) when a petitioner discovers the factual predicate of his claims. Neither of these sections creates a later commencement date for Petitioner. He offers no evidence that a state-created impediment delayed him from timely filing his federal petition. Regarding the factual predicate of his claims based on Romel and Parrish's testimony, both men were sentenced in 2018 and 2019, which is prior to Petitioner's conviction becoming final upon the conclusion of direct review on March 10, 2020. Accordingly, Petitioner's federal petition must be dismissed with prejudice as untimely filed.

### III. Certificate of Appealability

A petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court rejects a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484

(2000). When a district court rejects a habeas petition on procedural grounds without reaching the constitutional claims, "a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El*, 537 U.S. at 327 (citing *Slack*, 529 U.S. at 484). Accordingly, the Court denies a certificate of appealability.

It is therefore **ORDERED** that Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE** as untimely;

It is further **ORDERED** that Petitioner's pending motions (ECF Nos. 23, 25-28, 31) are **DISMISSED**;

It is finally **ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this 6th day of June, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE